UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lisa K. Nelson,                                                    Civil No. 06-1865 (DWF/SRN)

          Plaintiff,

                                                                          MEMORANDUM
                                                                      OPINION AND ORDER

Hennepin County Medical Center, Region's
Hospital; Health East St. Joseph's Hospital,
d/b/a Group Health Plan, Inc.; and
Daniel Parkinson, M.D.,

          Defendants.

---

Bradley C. Eggen, Esq., Law Offices of Brad C. Eggen, counsel for Plaintiff.

Michael B. Miller, Esq., Hennepin County Attorney's Office, counsel for Defendant Hennepin County Medical Center.

Gregory P. Bulinski, Esq., Jessica Schulte Williams, Esq., and Susan E. Gustad, Esq., Bassford Remele, P.A., counsel for Defendants Region's Hospital and Group Health Plan, Inc.

John B. Casserly, Esq., Geraghty, O'Loughlin, & Kenney, P.A., counsel for Defendant Health East St. Joseph, d/b/a St. Joseph's Hospital.

Barbara A. Zurek, Esq., and Melissa Dosick Riethof, Esq., Meagher & Geer, PLLP, counsel for Defendant Daniel Parkinson, M.D.

---

This matter came before the Court on August 20, 2007, pursuant to several motions to dismiss and/or for summary judgment brought by the above-named defendants. Because the Court exercises its discretion not to retain supplemental subject

matter jurisdiction over this matter, the Court denies those motions as moot and remands this case back to Hennepin County District Court.

## BACKGROUND

In April 2006, Plaintiff Lisa K. Nelson, a Minnesota resident, commenced an action in the District Court of Minnesota, Fourth Judicial District, Hennepin County, against four Minnesota entities—Hennepin County Medical Center ("HCMC"), Region's Hospital, Health East St. Joseph, d/b/a, St. Joseph's Hospital, and the City of North St. Paul (the "City"). In her original Complaint, Nelson alleged ten counts against those four defendants, relating to an incident in April 2004 when she was placed on a 72-hour psychiatric hold. Nelson was placed on the hold after she had an altercation with two of the City's police officers, who took her to Region's Hospital for a psychiatric evaluation.

On May 17, 2006, the City removed the action to this Court using the procedure outlined in 28 U.S.C. § 1446(a) because one of the counts in the original Complaint, Count IX, alleged a claim under 42 U.S.C. § 1983. HCMC, Region's Hospital, and St. Joseph consented to the City's removal.

In April 2007, pursuant to the parties' stipulation, Nelson filed an Amended Complaint, which also contained ten counts, against HCMC, Region's Hospital, St. Joseph's Hospital, the City, and four new defendants—Group Health Plan, Inc., Daniel Parkinson, M.D., Scott Gostovich,[1] and Jason Lawson. There is no dispute that all of the parties listed in the Amended Complaint are Minnesota residents. The

---

[1] In the Amended Complaint and subsequent pleadings, Gostovich's name was incorrectly spelled "Gastovich."

Amended Complaint is not a model of clarity; however, despite the fact that the Amended Complaint sometimes refers to all defendants, the parties agree that a liberal reading of the Amended Complaint shows that Nelson is alleging only one federal law claim under 42 U.S.C. § 1983 against the City and two of its officers, Gostovich and Lawson. *(See* Am. Compl. ¶¶ LXXXVIII-XC).[2]

On June 28, 2007, Parkinson filed a Motion to Dismiss and/or for Summary Judgment. On July 3, 2007, HCMC also filed a Motion to Dismiss and/or for Summary Judgment. On July 5, 2007, Nelson, the City, Gostovich, and Lawson filed a stipulation to dismiss with prejudice Nelson's claims—including the only federal claim contained in the Amended Complaint—against the City, Gostovich, and Lawson. The Court dismissed those claims with prejudice on July 6, 2007. Also on that same date, St. Joseph's Hospital, Region's Hospital, and Group Health Plan, Inc. filed motions to dismiss and/or for summary judgment.

The Court held a hearing on defendants' motions on August 20, 2007. At that time, the Court raised the issue of whether it should retain subject matter jurisdiction over

---

[2] In Count VIII of both the Original and Amended Complaints, Nelson alleges a claim entitled "HIPAA-Derivative Medical Record Disclosure and Privacy Claims: Negligence, Breach of Contract, Minnesota Human Rights Act, Wrongful Detention, and Deprivation of Freedom." (Am. Compl. at p. 21; Compl. at p. 20.) HIPAA stands for the "Health Insurance Portability and Accountability Act of 1996." *See* Pub. L. No. 104-191, 110 Stat.1936 (codified as amended in scattered sections of 29 U.S.C. and 42 U.S.C.). At the motion hearing and in response to defendants' arguments that there is no independent HIPAA cause of action, Nelson explained that she was using HIPAA as a basis for setting the standard of care for several of her state-law claims, not as an independent federal law claim. The Court agrees with both Nelson and defendants that Nelson has no federal cause of action under HIPAA. *See, e.g., Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006).

Nelson's claims given that it had dismissed the only federal law claim contained in the Amended Complaint. None of the parties addressed the issue of jurisdiction prior to the motion hearing.

## DISCUSSION

As a court of limited jurisdiction, a federal court's first duty is to determine whether any matter is properly within its purview. As such, a federal court may raise jurisdictional issues sua sponte. *Johnson v. City of Shorewood*, 360 F.3d 810, 818 (8th Cir. 2004).

The City's removal was proper under 28 U.S.C. § 1441(c) based on Nelson's § 1983 claim, and the Court has supplemental jurisdiction over the Nelson's state-law claims based on that same statute.[3] That statute provides, in relevant part:

---

[3] The City's removal notice does not list a statutory basis for its removal. Because Nelson's § 1983 claim is directed at the City and its officers in connection with the altercation between them and her remaining state-law claims are directed at actions taken by the hospitals, the federal claim and state-law claims do not appear to be based on the same operative facts. Thus, it appears that the removal was based on 28 U.S.C. § 1441(c). *Compare* 28 U.S.C §§1441(b) with (c); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3724 (explaining history and differences between the subsections of removal statute). The Court recognizes, however, that there is substantial disagreement about the impact of § 1441(c) on state-law claims and what statute gives courts discretion to consider or remand state-law claims after all federal law claims have been dismissed. *See, e.g., Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999) (indicating that if a federal claim is dismissed in a case that was removed under § 1441(c), a court should consider discretionary remand under § 1367); *Fullin v. Martin*, 34 F. Supp. 2d 726 (E.D. Wis. 1999) (conducting in-depth analysis of the interplay between §§ 1367 and 1441). The Court need not reach any of those issues because here there is no dispute that the Court had jurisdiction over the § 1983 claim and that it has discretion under either § 1367 or § 1441 to remand the remaining state-law claims to state court. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3724 (discussing the Court's discretion under both statutes).

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Given that the only federal claim has now been dismissed, the Court must decide whether to retain supplemental jurisdiction over Nelson's remaining state-law claims. At the motion hearing, the defendants urged the Court to retain supplemental jurisdiction over Nelson's claims, and Nelson indicated that she may wish to have her case remanded back to state court. The Court later held a telephone conference to allow the parties to further address this jurisdictional issue.

There is no dispute that once supplemental jurisdiction exists under § 1441, it is subject to discretionary remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("Under §§ 1367(c) or 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court.").

Here, Nelson originally chose to litigate her claims in state court. Now, her only remaining claims are based on facts that are distinct from the facts that formed the basis

of her federal law claim.  In general, a federal district court is not the proper forum for litigating purely state-law disputes between residents of the same state.  In addition, although this case was originally filed in April 2006, this Court has had little involvement in this case other than to hear the motions mentioned above.  All of these factors, in addition to judicial economy, convenience, and fairness to the parties, favor remanding the action back to state court.  Given this, the Court exercises its discretion to remand this action to the District Court of Minnesota, Fourth Judicial District, Hennepin County.

## CONCLUSION

The Court strongly believes that it would be in all parties' best interests to engage in good-faith settlement discussions with Magistrate Judge Nelson before they continue their litigation in state court.  Acknowledging the strengths and weaknesses of Nelson's claims as discussed at the motion hearing, considering future litigation costs, and recognizing statutory prohibitions that may hinder some of the requested injunctive relief, the parties and their counsel should approach any such discussions with realistic expectations.

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. This matter is **REMANDED** to the District Court of Minnesota, Fourth Judicial District, Hennepin County.  The Clerk of Court shall immediately send a certified copy of this Order of Remand to the Clerk of District Court of the District Court of Minnesota, Fourth Judicial District, Hennepin County.

2. Daniel Parkinson, M.D.'s Motion for Summary Judgment and Motion to Dismiss Under Minnesota Statute § 145.682 (Doc. No. 45) is **DENIED AS MOOT.**

3. Hennepin County Medical Center's Motion to Dismiss and/or Summary Judgment (Doc. No. 52) is **DENIED AS MOOT**.

4. Health East St. Joseph Hospital, d/b/a St. Joseph's Hospital's Motion to Dismiss and for Summary Judgment (Doc. No. 61) is **DENIED AS MOOT**.

5. Region's Hospital and Group Health Plan, Inc.'s Motion for Summary Judgment and/or to Dismiss (Doc. No. 66) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 10, 2007          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court